1   PAULA G. TRIPP (Bar No. 113050)
        pgt@amclaw.com
2   ANDERSON, McPHARLIN & CONNERS LLP
    Thirty-First Floor
3   444 South Flower Street
    Los Angeles, California  90071-2901
4   TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

5   Attorneys for Defendant REALPAGE, INC.

**FILED**

2010 JUL -2  PM 3: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6

7

8                  UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

10

11   GREGORY STEPHAN,                    Case No. CV10 4925 GAF JCG

12              Plaintiff,

13        vs.                            NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. SECTION 1441(b)
14   REALPAGE, INC. and DOES 1-100,      (Federal Question)
     inclusive,
15
                Defendants.
16

17   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18        **PLEASE TAKE NOTICE** that defendant RealPage, Inc. hereby removes to this Court the

19   State Court action described below:

20        1.    On December 15, 2009, an action was commenced in the Superior Court of the State of

21   California, County of Los Angeles, entitled *Gregory James Doe, Plaintiff vs. RealPage, Inc.*, as case

22   No. BC427901, a copy of which is attached hereto as **Exhibit A**.

23        2.    It was unclear on the face of the original Complaint whether Plaintiff's claims

24   presented a federal question, as  Plaintiff asserted and alleged the legal theories under which the

25   plaintiff proceeded solely as violations of "the Credit Reporting Act".  No particular statute was

26   identified in the original Complaint and, therefore, defendant filed a Demurrer and Motion to Strike in

27   relation to the original Complaint. The Demurrer and Motion to Strike are attached hereto as **Exhibits**

28   **B and C**, respectively.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

802828.1 5888.001

3. On April 16, 2010, the plaintiff filed oppositions to the Demurrer and Motion to Strike, copies of which are attached hereto as **Exhibits D and E**, respectively. Importantly, Plaintiff's response to the Motion to Demurrer still failed to identify the specific statute under which he intended to proceed.

4. On April 27, 2010, defendant filed replies to the plaintiff's oppositions to Demurrer and Motion to Strike, which included a comprehensive list of any and all potentially applicable "credit reporting act" laws that Plaintiff may consider. Copies of the replies are attached hereto as **Exhibits F and G**, respectively.

5. On May 4, 2010, the hearing on defendant's Demurrer and Motion to Strike was held. The State Court sustained the Demurrer with leave to amend and deemed the motion to strike to be moot. The plaintiff was ordered to amend his Complaint by May 25, 2010, and to include within the amended Complaint the identity of the plaintiff and the statute(s) which he contends were violated. A copy of the Notice of Ruling re: Demurrer is attached hereto as **Exhibit H**.

6. After being notified by counsel for defendant that it would move to dismiss the action because an amended Complaint was not filed, on June 11, 2010, the First Amended Complaint was served on defendant's counsel. A copy of the First Amended Complaint is attached hereto as **Exhibit I**.

7. June 11, 2010, was the first date that the defendant was made aware that this case presents a federal question in that the First Amended Complaint alleges that the statute allegedly violated by defendant is (as styled by the Plaintiff) the "Credit Reporting Act" found at "15 U.S.C. §1681, et sequi." (First Amended Complaint, Exhibit I, p. 4, lines 11-12.)

8. This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 15 U.S.C. §1681, *et seq.*

9. There are no other defendants in the action.

/ / /

/ / /

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

10.   The only other documents filed in the State Court action are two Case Management Conference Statements and two notices of Case Management Conferences, collectively attached hereto as **Exhibit J.**

DATED: July 1, 2010                    ANDERSON, McPHARLIN & CONNERS LLP


                                       By: _____
                                           Paula G. Tripp
                                       Attorneys for Defendant REALPAGE, INC.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

3

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (Federal Question)

**EXHIBIT  A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REAL PAGE, INC., and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREGORY JAMES DOE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 15 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>1110 N. Hill St.<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 427901 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George J. Stephan (SBN: 67692) (213) 891-5222 (213) 630-5618 fax
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017

DATE: JOHN A. CLARKE, CLERK by AMBER LaFLEUR-CLAYTON , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

DEC 1 2009

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com |

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  GEORGE J. STEPHAN (SBN: 67692)
   1000 Wilshire Boulevard, Suite 1500
2  Los Angeles, CA 90017-2457
   Telephone: (213) 891-5222
3  Facsimile: (213) 630-5618
   Email: georgejstephan@yahoo.com
4
   Attorney for Plaintiff GREGORY J. DOE
5

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10                                    B C 4 2 7 9 0 1

11  GREGORY JAMES DOE,                  CASE NO. _____

12          Plaintiff,                  **COMPLAINT FOR DAMAGES AND
                                        INJUNCTIVE RELIEF**
13          vs.
                                        **DEMAND FOR JURY TRIAL**
14  REAL PAGE, INC. and DOES 1-100,
    inclusive,
15
            Defendants.
16

17

18

19                       __INTRODUCTION__

20  This is an action for violation of the credit reporting act. In December 2008, Real Page called

21  plaintiff a "felon" in writing, even though this was false and even though defendants actually

22  knew they had no support for the accusation and even though the defendants had access to (and

23  later a copy of) public record information proving that their accusation was false. Defendants did

24  not have in place and did not implement reasonable procedures to correctly report in the first

25  place or to respond to people who questioned the basis for defendants' reports. When defendants

26  errors were pointed out, defendants did not take reasonable steps, avoided their obligation to act

27  reasonably and played a "shell game" to try to hide and to deter inquiries.

28
    77700.0999 BN 4930975v1                    1

Comes now plaintiff and alleges as follows:

## GENERAL ALLEGATIONS

### Plaintiff Information

1.      Plaintiff is an individual and has his principal residence in the County of Los Angeles, State of California.  Plaintiff is an adult.

2.      Plaintiff is a college student and is going to school away from home from time to time.

3.      Plaintiff's name is Gregory James Doe, and the Doe is fictitious and used to protect the identity of plaintiff.  The full name will be provided to defendants at time of service of the summons and complaint of plaintiff.

### Defendant Information and Jurisdiction and Venue

4.      Defendant Real Page, Inc. is a corporation.

5.      Real Page, Inc. provides products and services across the United States on a for profit basis.  It provides products and services to more than 20,000 apartment communities across the United States.  (Source: http://us.intacct.com/downloads/RealPage.pdf)

6.      Real Page, Inc. does business in California and maintains at least two offices in California, one in Irvine, CA and another in San Francisco, CA.  Real Page, Inc. uses the internet to advertise the availability of employment in their California office(s) and is currently seeking to employ additional persons within California.  (Source: http://www.realpage.com/company/jobs/default.asp).  In addition, Real Page, Inc. sent its representatives to San Diego, CA and to Sacramento, CA in October 2009 to generate more California business.

7.      Even though Real Page, Inc. has offices in California and regularly conducts business in California, Real Page, Inc. believes that it is above the law.  Thus, Real Page, Inc. is neither a California corporation, nor is it registered with the California Secretary of State nor authorized by the California Secretary of State to conduct business in the State of California.  (Source: http://kepler.sos.ca.gov/corpdata).

77700.0999 BN 4930975v1                                    2

6

1    8.    On information and belief, it is alleged that Real Page, Inc. does business in the

2    County of Los Angeles.  Among other things, it uses the airport and transportation products and

3    services in Los Angeles County as part of its ongoing conduct of business in California.

4    9.    On information and belief, it is alleged that Real Page, Inc. has not designated any

5    office in California as its principal office by an annual or other filing with the California

6    Secretary of State.  It has not filed the statement referred to in the California Corporations Code.

7    10.    Thus, Real Page, Inc. can be held to answer in Los Angeles County, California,

8    which is where the plaintiff has his principal residence and where at least some of the damages

9    and liability were incurred or occurred.

10    11.    The true names and capacities, whether individual, corporate, associate or

11    otherwise of Defendants Does 1 through 100, inclusive, are unknown to plaintiff, who therefore

12    sues these defendants by their fictitious names.  Plaintiff is informed and believes, and thereon

13    alleges, that each of the defendants designated herein as a fictitiously named defendant is in some

14    manner responsible for the events and happenings herein referred to, either contractually or

15    tortiously, and caused the damage to plaintiff as herein alleged.  When plaintiff ascertains the true

16    names and capacities of Does 1 through 100, inclusive, he reserves the right to amend this

17    Complaint by setting forth the same.

18    12.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

19    mentioned, each of the defendants was and is the agent, servant and employee of each of the other

20    defendants, and all of the things alleged to have been done by each defendant were done in the

21    capacity of and as agent of the other defendants.

22    13.    This complaint is not subject to the Unruh Act's venue provisions.

23    14.    The amount in controversy is alleged to be less than $75,000, exclusive of interest

24    and costs.  While plaintiff reserves the right to amend this complaint, at this time, plaintiff alleges

25    the damages sustained to be less than $75,000, exclusive of interest and costs.

26

27

28

77700.0999 BN 4930975v1

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION

### (Damages for Violation of Credit Reporting Act)

### (Against Real Page and Does 1 through 100, inclusive)

15.    Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, herein by reference as though set forth in full.

16.    Real Page, Inc. and defendants and each of them hold themselves out as able to and engage in the business of reporting on the creditworthiness and credit history of consumers in California and elsewhere.

17.    On or about December 22, 2008, Real Page, Inc. and defendants and each of them, in response to an inquiry from a potential business contact of plaintiff, reported to that potential business contact with whom plaintiff sought to do business, in writing, that plaintiff was a "felon" and that plaintiff has been convicted of a "felony".

18.    This report by defendants accusing plaintiff of being a felon was false and untrue.

19.    In the exercise of reasonable care, had defendants had in place reasonable procedures to make such reports, defendants would not have made such a report.

20.    At the time that defendants made the report as above alleged, defendants did not have and knew they did not have any back-up materials to support the negative report they made.

21.    Promptly after the report was made by defendants, plaintiff contacted the defendants in writing and inquired as to what the defendants reported, seeking an explanation of the report, which was cryptic or unclear in part.  Plaintiff communicated in writing to defendants that the report of the defendants was false and asked that defendants correct their inaccurate report.

22.    On or about February 13, 2009, defendants admitted and acknowledged they had no support for their report but they did not retract their inaccurate statement.

23.    At the time that defendants made their report regarding plaintiff as above alleged, the defendants had actual access to and were therefore in constructive possession of public record information proving that their accusation was false.

77700.0999 BN 4930975v1

4

8

24.     Defendants continued to maintain and repeat their inaccurate report concerning plaintiff as above alleged in March 2009 even after defendants were in actual possession of public records proving that their report was false. Defendants were asked to correct their inaccurate report and to notify plaintiff that they had done so. Defendants did not so notify plaintiff.

25.     On or about March 2, 2009, defendants, because of their guilty state of mind, and in an attempt to hide or cause confusion (i.e., as part of a "shell game"), communicated to plaintiff a switch in information by purporting to assign as new and different case number to plaintiff's inquiry. However, defendants did not withdraw or correct their inaccurate report. On information and belief, it is alleged that defendants simply determined that it is less expensive to simply assign a new case number in the hopes that injured consumers will simply go away than it is to set up and implement a system of making reasonable and prompt investigation of consumer inquiries.

26.     On or about March 12, 2009, plaintiff demanded again that defendants correct their inaccurate report.

27.     Defendants failed to do so. Instead, defendants, knowing that they had been caught making and not correcting a false report, and knowing that their shell game maneuver had not worked, went silent.

28.     As a result of the conduct of defendants, as alleged above, the business contact declined to do business with plaintiff, causing financial and emotional damages to plaintiff.

29.     While plaintiff reserves the right to amend this complaint, at this time, plaintiff alleges the damages sustained to be more than $10,000 and less than $50,000, exclusive of interest and costs.

30.     Plaintiff is also entitled to an award of reasonable attorney's fees under the law.

## SECOND CAUSE OF ACTION

### (Injunctive and Other Relief for Credit Reporting Violations)

### (Against Real Page, Inc. and Does 1 through 100)

31.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 30, inclusive, herein by reference as though set forth in full.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

9

1    32.    Plaintiff seeks injunctive relief ordering defendant Real Page to correct their

2    inaccurate report, ordering Real Page to notify the business contact (and anyone else to whom

3    Real Page gave the inaccurate information) that the Real Page report was inaccurate, and to notify

4    plaintiff in writing that Real Page has done so, by providing a copy of their correction notice to

5    plaintiff.

6    33.    Plaintiff seeks injunctive relief against defendants and each of them, enjoining

7    them and those acting in concert with them, from: (a) continuing to provide knowingly inaccurate

8    reports, (b) from continuing to fail to reasonably investigate consumer inquiries within the time

9    permitted by law, (c) from assigning a second case number to the same consumer inquiry, (d)

10   from continuing to fail to take the corrective action in response to a consumer inquiry as required

11   by law when defendants know they do not have any back up materials to support the negative

12   report they made, and (d) from continuing to fail to notify the inquiring consumer of the action

13   taken.

14   34.    Defendants and each of them acted maliciously in engaging in the above conduct.

15   Defendants continued to maintain in place the inaccurate report that plaintiff was a felon even

16   though they knew the report was false and damaging.  Defendants did so because it is cheaper in

17   the long run to pay off the few persons who will sue defendants than it is to put in place a

18   reasonable system to gather information in the first place and to properly respond to inquiries and

19   to take reasonable steps to correct inaccurate reports.  Accordingly, subject to amendment of this

20   complaint, plaintiff alleges and seeks punitive and exemplary damages against defendants in the

21   sum of more than $10,000 and less than $50,000.

22

23   WHEREFORE plaintiff prays for judgment against the defendants and each of them as follows:

24       ON THE FIRST CAUSE OF ACTION:

25       1.    For a money judgment against defendants for compensatory damages;

26       ON THE SECOND CAUSE OF ACTION:

27       2.    For injunctive relief against defendants as set forth in paragraphs 32 and 33;

28       3.    For a money judgment against defendants for punitive damages as set forth in

77700.0999 BN 4930975v1                               6

*10*

1  paragraph 34;

2      ON ALL CAUSES OF ACTION:

3      4.      For reasonable attorneys fees as may be provided by law;

4      5.      For costs of suit; and

5      6.      For such other and further relief as may be proper in the premises.

6

7              **DEMAND FOR JURY TRIAL**

8      Plaintiff hereby demands a trial by jury on all issues so triable.

9

10  DATED: December 14, 2009

11

12                              GEORGE J. STEPHAN
                                Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT  B**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 25 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AEI LaFLEUR-CLAYTON

1  PAULA G. TRIPP (Bar No. 113050)
      pgt@amclaw.com
2  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
3  444 South Flower Street
   Los Angeles, California 90071-2901
4  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

5  Attorneys for Defendant REALPAGE, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  GREGORY JAMES DOE,                    Case No. BC 427901

12            Plaintiff,                  Assigned to Hon. Michael L. Stern, Dept. 62

13       vs.                              Action Filed:   12/15/09

14  REAL PAGE, INC. and DOES 1-100,       NOTICE OF DEMURRER AND
    inclusive,                            DEMURRER TO COMPLAINT;
15                                         MEMORANDUM OF POINTS AND
            Defendants.                    AUTHORITIES IN SUPPORT THEREOF
16
                                          *(Filed concurrently with Motion to Strike)*
17
                                          Date:    May 4, 2010
18                                        Time:    8:30 a.m.
                                          Dept.:   62
19
                                          Trial Date:      None
20

21       **PLEASE TAKE NOTICE** that on May 4, 2010, at 8:30 a.m., or as soon thereafter as the

22  matter may be heard in Department 62 of the above-entitled Court, located at 111 N. Hill Street,

23  Los Angeles, California, defendant REALPAGE, INC. ("REALPAGE") will and hereby does

24  demur to the each and every cause of action set forth in the plaintiff's Complaint.

25       This demurrer is brought pursuant to California Code of Civil Procedure section

26  430.10(e)and (f) on the grounds that all causes of action pled against REALPAGE fail to state

27  facts sufficient to constitute a cause of action against REALPAGE and the causes of action are

28  uncertain as well.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

785120.1 5888.001

12

1    This demurrer is based on this Notice of Demurrer and Demurrer, the accompanying

2  Memorandum of Points and Authorities, the entire court file and record, and upon such other

3  evidence and argument as may be presented at the hearing of this demurrer.

4

5  DATED:  March 25, 2010                    ANDERSON, McPHARLIN & CONNERS LLP

6

7                                            By: _____

8                                                Paula G. Tripp
                                                 Attorneys for Defendant REALPAGE

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL. (213) 688-0080 • FAX (213) 622-7594

785120.1 5888.001

13

NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1

## DEMURRER

2       Defendant REALPAGE, INC. ("REALPAGE") demurs to the Complaint of the plaintiff,

3   GREGORY JAMES DOE, on file herein as follows:

4       ### DEMURRER TO FIRST CAUSE OF ACTION

5               **(Uncertainty)**

6       1.      Pursuant to California Code of Civil Procedure section 430.10(f), defendant

7   REALPAGE demurs to the First Cause of Action for Damages for Violation of Credit Reporting

8   Act on the ground that the cause of action is uncertain because the statute allegedly violated by

9   REALPAGE is not identified in the Complaint.

10      ### DEMURRER TO FIRST CAUSE OF ACTION

11              **(Failure to State a Cause of Action)**

12      2.      Pursuant to California Code of Civil Procedure section 430.10(e), defendant

13  REALPAGE demurs to the First Cause of Action for Damages for Violation of Credit Reporting

14  Act on the ground that the cause of action and the allegations contained therein fail to state a cause

15  of action against REALPAGE.

16      ### DEMURRER TO SECOND CAUSE OF ACTION

17              **(Uncertainty)**

18      3.      Pursuant to California Code of Civil Procedure section 430.10(e), defendant

19  REALPAGE demurs to the Second Cause of Action for Injunctive and Other Relief for Credit

20  Reporting Violations on the ground that the cause of action is uncertain because the statute

21  allegedly violated is not identified in the complaint.

22      ### DEMURRER TO SECOND CAUSE OF ACTION

23              **(Failure to State a Cause of Action)**

24      4.      Pursuant to California Code of Civil Procedure section 430.10(e), defendant

25  REALPAGE demurs to the Second Cause of Action for Injunctive and Other Relief for Credit

26  ///

27  ///

28  ///

785120.1 5888.001

14

NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT: MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  Reporting Violations on the ground that the cause of action and the allegations contained therein

2  fail to state a cause of action against REALPAGE.

3

4  DATED:  March 25, 2010              ANDERSON, McPHARLIN & CONNERS LLP

5

6  By: _____

7  Paula G. Tripp
   Attorneys for Defendant REALPAGE

8

9

10

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

785120.1 5888.001

15

NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1               <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    I.        <u>**INTRODUCTION**</u>

3        The complaint filed by the fictitiously named plaintiff, GREGORY JAMES DOE, is based

4 on some alleged violation of a "Credit Reporting Act." The complaint is uncertain in that nowhere

5 within it is there any allegation of the "Act" that was allegedly violated by defendant,

6 REALPAGE, INC. Moreover, since the statute that was allegedly violated is not identified in the

7 complaint, the causes of action, both of which are based on this alleged violation of some

8 nebulous Credit Reporting Act, fail to state fact sufficient to support a cause of action.

9 Accordingly, this demurrer should be sustained.

10    II.      <u>**SUMMARY OF PLAINTIFF'S ALLEGATIONS**</u>

11        The complaint contains two causes of action—Damages For Violation of Credit Reporting

12 Act and Injunctive and Other Relief for Credit Reporting Violations. These two causes of action

13 are based solely on some alleged false reporting by REALPAGE that the plaintiff was a felon.

14 (Complaint, ¶¶ 17, 18.) The complaint also alleges that REALPAGE had access to information

15 that established that their report that the plaintiff was a felon was false and that they failed to

16 correct the report. (Complaint, ¶¶ 23-24.)

17        While the allegations contained in the plaintiff's complaint may support some cause of

18 action, REALPAGE is entitled to notice of the alleged Credit Reporting Act that was allegedly

19 violated. Since the complaint fails to allege the statutory basis for the causes of action contained

20 in the complaint, this demurrer should be sustained.

21    III.     <u>**ARGUMENT AND AUTHORITY**</u>

22       A.      <u>**A Demurrer Is the Proper Vehicle for Challenging the Legal Sufficiency of the**</u>

23               <u>**Allegations in a Complaint.**</u>

24      California Code of Civil Procedure section 430.10 states in pertinent part:

25          The party against whom a complaint or cross-complaint has been

26          filed may object, by demurrer or answer as provided in

27          section 430.30, to the pleadings on any one or more of the following

28          grounds:

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

785120.1 5888.001

*16*

1
\*\*\*

2   (e) the pleading does not state facts sufficient to constitute a

3  cause of action.

4   (f) the pleading is uncertain.  As used in this subdivision,

5   "uncertain" includes ambiguous and unintelligible.

6 As established below, the two causes of action alleged against REALPAGE are uncertain

7 and fail to state facts sufficient to constitute a causes of action against REALPAGE.

8 **B.**  **The Two Causes of Action Alleged REALPAGE Are Uncertain and Fail to**

9   **State Facts Sufficient to Constitute a Cause of Action Because They Do Not**

10   **Identify the "Credit Reporting Act" that Was Allegedly Violated.**

11 Every cause of action has elements which must be proved in order to state such a cause of

12 action.  Those elements are determined based on the nature of the cause of action itself.  In the

13 case of statutory violations, the specific statute upon which an action is based must be stated in

14 order to determine the elements of the cause of action.  In this case, the plaintiff's general

15 allegation that there has been a violation of some "Credit Reporting Act" is not sufficient to

16 identify the statute in order to determine the elements of the cause of action.  There are numerous

17 credit reporting acts that may be applicable to the facts as alleged in this complaint.  There are

18 federal statutes and state statutes, statutes that apply to credit reporting agencies, statutes that

19 apply to credit investigative agencies, etc.  Without knowing the specific identity of the statute

20 violated, the complaint is uncertain and it cannot be determined from the face of the complaint

21 whether the facts that have been alleged are sufficient to state a cause of action.

22 Just as with the requirement that in the case of a breach of contract, the contractual

23 provision must be alleged in the complaint or the contract be attached to the complaint, such is the

24 case with statutory violations.  The complaint must be specific so that the defendant is aware of

25 the theory of liability against it.  The purpose of the demurrer is to require the pleader to clarify the

26 doubtful part of the complaint so that uncertainties of a material nature are corrected.  *Hays v.*

27 *Temple* (1937) 23 Cal.App.2d 690, 694; *Gonzales v. California* (1977) 68 Cal.App.3d 621, 632,

28 634.  In this action, the failure of the plaintiff to state that the statute that was allegedly violated

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL. (213) 688-0080 · FAX (213) 622-7594

1   not only fails to put REALPAGE on notice as to the acts that it allegedly performed that were in

2   violation of the unknown statute, but it cannot even determine the appropriate affirmative defenses

3   that should be pled in an answer.  Accordingly, this demurrer should be sustained.

4   **IV.    CONCLUSION**

5          For the reasons stated herein, REALPAGE respectfully requests that this demurrer be

6   sustained.

7

8   DATED:  March 25, 2010                    ANDERSON, McPHARLIN & CONNERS LLP

9

10                                            By: _____

11                                                Paula G. Tripp
                                                  Attorneys for Defendant REALPAGE

12

13

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

785120.1 5888.001

18

1  ## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Thirty-First Floor, 444

4  South Flower Street, Los Angeles, California 90071-2901.

5       On March 25, 2010, I served the following document(s) described as **NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND**

6  **AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

7

8    George J. Stephan, Esq.                    Attorney for Plaintiff Gregory J. Doe
     1000 Wilshire Blvd.
     Suite 1500

9    Los Angeles, CA  90017
     Telephone: (213) 891-5222

10   Facsimile: (213) 630-5618

11 **BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that

12 practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon

13 fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

14     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 25, 2010, at Los Angeles, California.

15

16

17                                        Irma L. Raygoza

18

19

20

21

22

23

24

25

26

27

28

*ANDERSON, McPHARLIN & CONNERS LLP*
*LAWYERS*
*444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR*
*LOS ANGELES, CALIFORNIA 90071-2901*
*TEL (213) 688-0080 • FAX (213) 622-7594*

785120.1 5888.001

*19*

**EXHIBIT C**

1  PAULA G. TRIPP (Bar No. 113050)
       pgt@amclaw.com
2  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
3  444 South Flower Street
   Los Angeles, California 90071-2901
4  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

5  Attorneys for Defendant REALPAGE, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 25 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

| 11 | GREGORY JAMES DOE, | Case No. BC 427901 |
|---|---|---|
| 12 | Plaintiff, | Assigned to Hon. Michael L. Stern, Dept. 62 |
| 13 | vs. | Action Filed:   12/15/09 |
| 14 | REAL PAGE, INC. and DOES 1-100, inclusive, | **NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 15 16 | Defendants. | |
| 17 | | *(Filed concurrently with Demurrer)* |
| 18 19 | | **Date:   May 4, 2010** **Time:   8:30 a.m.** **Dept.:   62** |
| 20 | | Trial Date:      None |

21  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

22        **PLEASE TAKE NOTICE** that on May 4, 2010, at 8:30 a.m., or as soon thereafter as the

23  matter may be heard in Department 62 of the above-entitled Court, located at 111 N. Hill Street,

24  Los Angeles, California, defendant REALPAGE, INC. ("REALPAGE") will and hereby does

25  move, pursuant to Code of Civil Procedure Sections 435 and 436, to strike the following

26  provisions from the Complaint:

27        1.      Paragraph 30 of the Complaint which reads:  "Plaintiff is also entitled to an award

28  of reasonable attorneys' fees under the law."

785205.1 5888.001

20

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL. (213) 688-0080 • FAX (213) 622-7594

2.      Paragraph 34 of the Complaint which reads:

"Defendants and each of them acted maliciously in engaging in the above conduct. Defendants continued to maintain in place the inaccurate report that plaintiff was a felon even though they knew the repot was false and damaging.  Defendants did so because it is cheaper in the long run to pay off the few person who will sue defendants than it is to put in place a reasonable system to gather information in the first place and to properly respond to inquiries and to take reasonable steps to correct inaccurate reports.  Accordingly, subject to amendment of this complaint, plaintiff alleges and seeks punitive and exemplary damages against defendants in the sum of more than $10,000 and less than $50,000."

3.      Paragraph 3 of the Prayer of the Complaint which reads:  "For a money judgment against defendants for punitive damages as set forth in paragraph 34;"

4.      Paragraph 4 of the Prayer of the Complaint which reads:  "For reasonable attorneys fees as may be provided by law;"

DATED: March 25, 2010                    ANDERSON, McPHARLIN & CONNERS LLP

By: _____
     Paula G. Tripp
     Attorneys for Defendant REALPAGE, INC.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL. (213) 688-0080 · FAX (213) 622-7594

785205.1 5888.001

21

1     **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.**     **INTRODUCTION**

3      The Complaint filed by the fictitiously named plaintiff, GREGORY JAMES DOE

4 ("plaintiff"), is based some alleged violation of a "Credit Reporting Act." The statute allegedly

5 violated is not identified anywhere in the Complaint, yet the plaintiff vaguely suggests that

6 defendant, REALPAGE, INC. wrongfully reported that he was a felon and that REALPAGE

7 ("REALPAGE") failed to correct that report when so notified. The Complaint also alleges that

8 REALPAGE did so maliciously in order to avoid costs incurred "to put in place a reasonable

9 system to gather information in the first place and to properly respond to inquiries and to take

10 reasonable steps to correct inaccurate reports." (Complaint ¶34) The Complaint seeks the

11 recovery of punitive damages and attorneys' fees in addition to compensatory damages.

12      While the allegations contained in the plaintiff's Complaint may support some cause of

13 action, REALPAGE is entitled to notice of the alleged Credit Reporting Act that was allegedly

14 violated. This motion to strike is being filed concurrently with the demurrer of REALPAGE,

15 which demurrer is incorporated herein by reference. In addition to the arguments raised therein,

16 this motion to strike is necessary because without knowing what statute was allegedly violated, it

17 cannot be determined the relief to which the plaintiff may be entitled. Moreover, regardless of the

18 statute allegedly violated, the plaintiff is not entitled to punitive damages because the Complaint

19 does not contain the necessary allegations to support an award of punitive damages against

20 REALPAGE, a corporate entity.

21 **II.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

22      The Complaint contains two causes of action—Damages For Violation of Credit Reporting

23 Act and Injunctive and Other Relief for Credit Reporting Violations. These two causes of action

24 are based solely on some alleged false reporting by REALPAGE that the plaintiff was a felon.

25 (Complaint, ¶¶ 17, 18.) The Complaint also alleges that REALPAGE had access to information

26 that established that their report that the plaintiff was a felon was false and that they failed to

27 correct the report. (Complaint, ¶¶ 23-24.) The Complaint alleges that REALPAGE is a

28 corporation. (Complaint ¶4.)

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

III.   **ARGUMENT AND AUTHORITY**

   A.   **A Motion to Strike Is the Proper Vehicle for Removing an Entire Complaint**
        **or Portions Thereof.**

   California Code of Civil Procedure section 435 provides that "[a]ny party, within the time allowed to respond to a pleading may serve and file a notice of motion to strike the whole or any part thereof."   Section 436 of the same Code further provides:

   The Court may, upon a motion made pursuant to Section 435, . . . .

   (a) Strike from any pleading any irrelevant, false, or improper matter

   inserted therein.

   (b) Strike any pleading or part thereof not drawn or filed in

   conformity of the laws of this State. . . . .

(Code of Civil Procedure, Section 436.)

   Hence, a motion to strike is an appropriate vehicle for attacking allegations in a complaint requesting improper relief. *Satz v. Superior Court* (1990) 225 Cal.App.3d 1525, 1533. As established below, there are no facts, nor legal theory which supports the recovery of exemplary damages against REALPAGE. There also lacks a basis for awarding attorneys' fees against REALPAGE without first knowing the statute under which the plaintiff seeks relief.

   B.   **Without Knowing What Statute Was Allegedly Violated, An Award of**
        **Attorneys' Fees is Improper.**

   Attorneys' fees are recoverable only if there is a specific statute providing for the recovery of those fees or if there is a contract which entitles a party to attorneys' fees. California Code of Civil Procedure section 1021. No contract is alleged in the complaint and the statute under which the plaintiff is seeking relief is not identified. Accordingly, there are not sufficient information in the complaint to determine whether attorneys' fees are recoverable in this action. For this reason, the provisions regarding attorneys' fees should be stricken.

   C.   **The Facts Alleged Do Not Support a Basis for Recovery of Punitive Damages.**

   In order to recover punitive damages, a party must prove "by clear and convincing evidence that defendant has been guilty of <u>oppression</u>, <u>fraud</u>, or <u>malice</u>. . . ." See, California Civil

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   Code section 3294(a).  (emphasis added)  These terms are defined in California Civil Code section

2   3294(c) as follows:

3         (1) "**Malice**" means conduct which is intended by the defendant to

4         cause injury to the plaintiff or despicable conduct which is carried

5         on by the defendant with a willful and conscious disregard of the

6         rights or safety of others.

7         (2) "**Oppression**" means despicable conduct that subjects a person

8         to cruel and unjust hardship in conscious disregard of that person's

9         rights.

10        (3) "**Fraud**" means an intentional misrepresentation, deceit, or

11        concealment of a material fact known to the defendant with the

12        intent on the part of the defendant or thereby depriving a person of

13        property or legal rights or otherwise causing injury.

14      Specific conduct which amounts to malice, fraud or oppression must be alleged.  In

15  *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891, 894, the Court explained as follows:

16        The cases interpreting section 3294 make it clear that in order to

17        warrant the allowance of punitive damages, the act complained of

18        must not only be willful in the sense of intentional, but it must also

19        be accompanied by aggravating circumstances, amounting to malice.

20        The malice required implies an act conceived in a spirit of mischief

21        or with criminal indifference toward the obligation owed to others.

22        *There must be an intention to vex, annoy or injure.*  Mere spite or ill

23        will is not sufficient; and mere negligence, even gross negligence is

24        not sufficient to justify an award of punitive damages.  [Citations]

25        (Italics in original.)

26      The worst conduct alleged against REALPAGE in the complaint is that it somehow knew

27  the report it prepared which indicated the plaintiff was a felon was false and that it did not change

28  ///

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

5

24

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Thirty-First Floor, 444

4  South Flower Street, Los Angeles, California 90071-2901.

5        On March 25, 2010, I served the following document(s) described as **NOTICE OF
MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;**

6  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the
interested parties in this action by placing true copies thereof enclosed in sealed envelopes

7  addressed as follows:

8        George J. Stephan, Esq.                          Attorney for Plaintiff Gregory J. Doe
        1000 Wilshire Blvd.

9        Suite 1500
        Los Angeles, CA  90017

10        Telephone: (213) 891-5222
        Facsimile: (213) 630-5618

11

**BY MAIL:**  I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting

12  and processing correspondence for mailing with the United States Postal Service.  Under that
practice, it would be deposited with the United States Postal Service that same day in the ordinary

13  course of business.  Such envelope(s) were placed for collection and mailing with postage thereon
fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

14

        I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct.  Executed on March 25, 2010, at Los Angeles, California.

16

17                                                    _Irma L. Raygoza_

18        Irma L. Raygoza

19

20

21

22

23

24

25

26

27

28

25

**EXHIBIT  D**

1    GEORGE J. STEPHAN (SBN: 67692)
     1000 Wilshire Boulevard, Suite 1500
2    Los Angeles, CA 90017-2457
     Telephone: (213) 891-5222
3    Facsimile: (213) 630-5618
     Email: georgejstephan@yahoo.com
4
     Attorney for Plaintiff GREGORY J. DOE
5

RECEIVED
5888 001
MC or Diary
P.D.S. 4/16/10 by
APR 1 9 2010
Folder
Date in file by
by
Anderson, McPharlin & Conners

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11   GREGORY JAMES DOE,                CASE NO. BC 427901

12          Plaintiff,                 Assigned to Hon. Michael L. Stern, Dept. 62
                                        Action Filed: 12/15/09
13          vs.
                                        OPPOSITION TO DEMURRER OF REAL
14   REAL PAGE, INC. and DOES 1-100,    PAGE
     inclusive,
15                                      May 4, 2010
            Defendants.                 8:30 a.m.
16                                      Dept. 62
                                        Trial Date: None
17

18          Plaintiff respectfully responds to the demurrer of Real Page, Inc. as follows:

19   I. <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

20          Real Page's demurrer on uncertainty grounds is not well taken, because the complaint

21   gives fair notice of the issues which Real Page must meet. A complaint is merely required to do

22   that; a plaintiff is not required to plead in the complaint the specific section of a statute or the

23   particular case authority which supports plaintiff's theory.

24          Real Page's demurrer for failure to state a claim is not accompanied by any legal

25   argument (and no citation of law) and should be overruled.

26   II. <u>FACTS</u>

27          THE BELOW FACTUAL STATEMENT IS IDENTICAL IN BOTH THE OPPOSITION

28   TO THE DEMURRER AND IN THE OPPOSITION TO THE MOTION TO STRIKE.

BN 5674590v2                            1                                    26

PLAINTIFF'S OPPOSITION TO REAL PAGE DEMURRER

1    The facts, which are taken as true on demurrer, are stated in the complaint as follows

2    (references are to the paragraph number of the complaint):

3    Plaintiff is an individual and has his principal residence in the County of Los Angeles,

4    State of California.  Plaintiff is an adult.  Plaintiff is a college student and is going to school away

5    from home from time to time.  (1 and 2)

6    Defendant Real Page, Inc. is a corporation. (4)  Real Page, Inc. provides products and

7    services across the United States on a for profit basis.  It provides products and services to more

8    than 20,000 apartment communities across the United States.  (5)

9    Real Page, Inc. does business in California and maintains at least two offices in California,

10   one in Irvine, CA and another in San Francisco, CA.  Real Page, Inc. uses the internet to advertise

11   the availability of employment in their California office(s) and is currently seeking to employ

12   additional persons within California. (6)

13   Real Page, Inc. does business in the County of Los Angeles.  Among other things, it uses

14   the airport and transportation products and services in Los Angeles County as part of its ongoing

15   conduct of business in California.  (8)

16   Real Page, Inc. hold themselves out as able to and engage in the business of reporting on

17   the creditworthiness and credit history of consumers in California and elsewhere. (16)

18   On or about December 22, 2008, Real Page, Inc. and defendants and each of them, in

19   response to an inquiry from a potential business contact of plaintiff, reported to that potential

20   business contact with whom plaintiff sought to do business, in writing, that plaintiff was a "felon"

21   and that plaintiff has been convicted of a "felony".  (17)

22   This report by defendants accusing plaintiff of being a felon was false and untrue.  (18)

23   In the exercise of reasonable care, had defendants had in place reasonable procedures to

24   make such reports, defendants would not have made such a report.  (19)

25   At the time that defendants made the report as above alleged, defendants did not have and

26   knew they did not have any back up materials to support the negative report they made. (20)

27   Promptly after the report was made by defendants, plaintiff contacted the defendants in

28   writing and inquired as to what the defendants reported, seeking an explanation of the report,

1   which was cryptic or unclear in part.  Plaintiff communicated in writing to defendants that the

2   report of the defendants was false and asked that defendants correct their inaccurate report. (21)

3          On or about February 13, 2009, defendants admitted and acknowledged they had no

4   support for their report but they did not retract their inaccurate statement. (22)

5          At the time that defendants made their report regarding plaintiff as above alleged, the

6   defendants had actual access to and were therefore in constructive possession of public record

7   information proving that their accusation was false.  (23)

8          Defendants continued to maintain and repeat their inaccurate report concerning  plaintiff

9   as above alleged in March 2009 even after defendants were in actual possession of public records

10   proving that their report was false.  Defendants were asked to correct their inaccurate report and

11   to notify plaintiff that they had done so.  Defendants did not so notify plaintiff. (24)

12          On or about March 2, 2009, defendants, because of their guilty state of mind, and in an

13   attempt to hide or cause confusion (i.e., as part of a "shell game"), communicated to plaintiff a

14   switch in information by purporting to assign as new and different case number to plaintiff's

15   inquiry.  (25)

16          Real Page did not withdraw or correct their inaccurate report. (25)

17          Real Page simply determined that it is less expensive to simply assign a new case number

18   in the hopes that injured consumers will simply go away than it is to set up and implement a

19   system of making reasonable and prompt investigation of consumer inquiries. (25)

20          On or about March 12, 2009, plaintiff demanded again that defendants correct their

21   inaccurate report. (26)

22          Defendants failed to do so.  Instead, defendants, knowing that they had been caught

23   making and not correcting a false report, and knowing that their shell game maneuver had not

24   worked, went silent. (27)

25          As a result of the conduct of defendants, the business contact declined to do business with

26   plaintiff, causing financial and emotional damages to plaintiff. (28)

27          Real Page acted maliciously in engaging in the above conduct.  Real Page "continued to

28   maintain in place the inaccurate report that plaintiff was a felon even though they knew the report

28

1   was false and damaging.  Defendants did so because it is cheaper in the long run to pay off the

2   few persons who will sue defendants than it is to put in place a reasonable system to gather

3   information in the first place and to properly respond to inquiries and to take reasonable steps to

4   correct inaccurate reports." (34)

5          To recap, as the complaint sets forth in its introductory statement of the facts: "In

6   December 2008, Real Page called plaintiff a "felon" in writing, even though this was false and

7   even though defendants actually knew they had no support for the accusation and even though the

8   defendants had access to (and later a copy of) public record information proving that their

9   accusation was false.  Defendants did not have in place and did not implement reasonable

10  procedures to correctly report in the first place or to respond to people who questioned the basis

11  for defendants' reports.  When defendants errors were pointed out, defendants did not take

12  reasonable steps, avoided their obligation to act reasonably and played a "shell game" to try to

13  hide and to deter inquiries."  (Complaint, page 1, lines 20-27)

14         The first cause of action states that it seeks "damages for violation of credit reporting act"

15  (complaint, page 4, line 2).  The complaint specifically states that "this is an action for violation

16  of the credit reporting act".  (complaint, page 1, line 20).

17         The second cause of action contains all the above facts, and specifically seeks injunctive

18  relief and punitive damages (complaint, paras. 32-34).

19         The complaint puts Real Page on notice that plaintiff takes issue with Real Page's failure

20  to have "in place reasonable procedures" to make accurate consumer credit reports (para. 19), that

21  Real Page did not "have in place and did not implement reasonable procedures to correctly report

22  in the first place or to respond to people who questioned the basis for defendants' reports (pg. 1,

23  lines 23-25), that Real Page "continued to provide knowingly inaccurate reports" (para. 33(a)),

24  that Real Page failed "to reasonably investigate consumer inquiries" (para. 33(b)), and that Real

25  Page played a shell game by assigning a second number to the same inquiry (para. 25 and 33(c)).

26         III.  <u>THE COMPLAINT APPRISES REAL PAGE OF THE ISSUES IT IS TO MEET</u>

27         In California, the complaint is simply required to give a defendant notice of the issues it is

28  to meet.

1    In CCP section 425.10, the legislature determined what a complaint "shall contain",

2    namely, "(1) A statement of the *facts* constituting the cause of action, in ordinary and concise

3    language" and "(2) A demand for judgment..." (italics added) *A statement of the statute or case*

4    *law which governs the claim is not a requirement, just the facts.*

5    As Witkin explains a "demurrer will be overruled" if "though not a model of pleading, its

6    allegations, liberally construed, are sufficient to apprise the defendant of the issues that he or she

7    is to meet." *Witkin, California Procedure, Pleading*, Vol. 6, Section 976, at page 389 of the text.

8    THE BALANCE OF THIS SECTION III IS IDENTICAL IN THE OPPOSITION TO

9    THE DEMURRER AND IN THE OPPOSITION TO MOTION TO STRIKE.

10    The complaint does more than that.  It alleges that Real Page is "engage[d] in the business

11    of reporting on the creditworthiness and credit history of consumers in California and elsewhere

12    (para. 16).  Plaintiff, a college student away from home at school, "sought to do business" with a

13    "potential business contact of plaintiff" (the evidence will show it was an apartment owner

14    concerning an apartment rental, which is consistent with paragraph 5 of the complaint, which

15    alleges that Real Page provides its "services to more than 20,000 apartment communities").

16    (para. 2, 5 and 17).  The business contact sent an inquiry to Real Page concerning plaintiff, and

17    Real Page reported to the business contact that plaintiff was a felon.  (para. 17).  This was false

18    and Real Page knew they did not have any back up materials to support this negative report.

19    (para. 18 and 20)  Plaintiff made a written inquiry of Real Page concerning the Real Page report,

20    and informed Real Page that their report was false and asked for correction of the Real Page

21    report.  (paga. 21).  Real Page admitted to plaintiff in writing that Real Page has no support for

22    their report, but did not correct their false report.  (para. 22).  Real Page knew their report was

23    false, and even after Real Page had actual possession of public records proving their report was

24    false, did not take corrective action.  (para. 24 and 25).  Real Page knew they were acting

25    improperly (i.e., had a "guilty state of mind"); and for that reason attempted to hide or cause

26    confusion by assigning a new and different case number to plaintiff's inquiry.  (para. 25).  This

27    "shell game" switch did not work, and when Real Page realized this and that "they had been

28    caught making and not correcting a false report", Real Page went silent.  (para. 27).

1    There is nothing ambiguous about the foregoing.  It is not unintelligible.  The *facts* are not

2    unclear.

3    As Witkin explains, "where the *facts* as to which the complaint is uncertain are

4    presumptively within the knowledge of the defendant", the demurrer should be overruled.

5    (Witkin, supra, at page 390; italics added).  However, there are no *facts* that are uncertain.  The

6    demurrer claims Real Page has no idea of the statutory *law* which applies to the well-pleaded

7    facts.  Respectfully, it is not the plaintiff's obligation to explain the law to defendant.

8    Real Page is "in the business of reporting on the creditworthiness and credit history of consumers

9    in California and elsewhere" and providing those "services to more than 20,000 apartment

10   communities".  (para. 5 and 16)  Real Page is presumed to know the law, especially the law

11   applicable to its activities.  Real Page is not entitled to the Court's assistance to compel plaintiff

12   to elucidate on it.

13   Not only is Real Page presumed to know the law applicable to its business, one wonders if

14   Real Page really does not know what "Credit Reporting Act" is applicable to Real Page's conduct

15   factually alleged in the complaint.  Real Page says "There are numerous federal and state

16   statutes...that apply to credit reporting agencies", and that "may be applicable to the facts alleged

17   in this complaint".  (Demurrer at page 6, lines 17 and 18).  Yet, Real Page does not cite even two

18   of such supposed numerous statutes to the Court in its demurrer.[1]

19   The complaint apprises Real Page of the *facts*, clearly and unambiguously.  That is

20   sufficient.

21   IV.  THE DEMURRER FOR FAILURE TO STATE A CLAIM IS ITSELF

22   INADEQUATE

23   Real Page's demurrer for failure to state a claim is not accompanied by any legal

24   argument (and no citation of law) and should be overruled for that reason alone.

25   Real Page says that unless plaintiff identifies the specific statute that Real Page violated,

26   Real Page can't determine from the face of the complaint whether it is sufficient to state a cause

---

[1]  Plaintiff searched www.LoisLaw.com for "credit reporting act" and all the cases located there cited to a single statute with that in its title.  Search conducted 3/29/10.

1  of action.  (Demurrer, page 6, at lines 19-21).  If Real Page doesn't know if a claim is stated, it is

2  not for the Court to do Real Page's legal analysis.

3      Real Page states that various unspecified statutes may apply to the facts of this case.  If

4  Real Page contends that there is no claim stated, Real Page was obligated to provide an analysis

5  to the Court.  It did not.

6      The argument that plaintiff is required to tell Real Page in the complaint "the *theory* of

7  liability against it" is unsupported by case law and contrary to the work product privilege.

8      Real Page's claimed ignorance as to the applicable law is not a basis to sustain a demurrer

9  for failure to state a claim.  The demurrer should be overruled. [2]

10

11

12  DATED: April 15, 2010

13                       GEORGE J. STEPHAN
                       Attorney for Plaintiff

14

15

16

17

18

19

20

21

22  [2]  It has been well more than 30 days since Real Page was served with the complaint.  There are certain optional strategic steps that need to be taken within 30 days of service, if at all.  Defense counsel is believed to be experienced in these matters, as her web profile notes that "She is also actively engaged in coverage and bad faith litigation, litigation involving creditors' rights and duties under statutes such as the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, and real estate title disputes, and has defended insurance agents and brokers in professional liability matters."  Because plaintiff's counsel has nothing but respect for the fine defense firm and defense counsel's knowledge of the applicable law in this area, it is even more difficult to understand that stated lack of ability to do a legal analysis of the pending claim.  The production of documents and the deposition of the Real Page PMK were set to occur well before the hearing on this matter, and plaintiff may supplement this opposition since Real Page's own documents may reflect a reference to a statute which governs it.  Real Page to date appears unwilling to produce a witness before the hearing.

23

24

25

26

27

28

1

2                                   **PROOF OF SERVICE**

3

4           I am employed in the County of Los Angeles, State of California.  I am over the age of 18

5    and not a party to the within action.  My business address is at BUCHALTER NEMER, A

6    Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California  90017-

7    2457.

8           On the date set forth below, I served the foregoing document described as:

9           OPPOSITION TO DEMURRER OF REAL PAGE

10

11   on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof

12   in a sealed envelope as follows:

13              *Please see attached service list.*

14   ☒     **BY MAIL**   I am readily familiar with the business' practice for collection and processing
     of correspondence for mailing with the United States Postal Service. The address(es) shown above
15   is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United
     States Postal Service at Buchalter Nemer in Los Angeles, California on April 16, 2010.  The
16   envelope was sealed and placed for collection and mailing with first-class prepaid postage on this
     date following ordinary business practices.
17

18

19   ☒     I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct to the best of my knowledge.  Executed on April 16, 2010, at Los

21   Angeles, California.

22

23      _____            _____
           Barbara Cicchetti                              (Signature)

24

25

26

27

28

1  Service List

2

3  Paula Tripp, Esq.
   Anderson, McPharlin & Conners LLP
4  444 South Flower St., 31st Fl.
   Los Angeles, CA  90071
5  Phone: (213) 236-1646
   Fax: (213) 622-7594
6  Email: pgt@amclaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO REAL PAGE DEMURRER**